UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

VINCENT MACALUSO, JR.,

                    Petitioner,                                    **ORDER**
                                                         18-CV-4830 (RRM)

        -against-

WILLIAM F. KEYSER & THE ATTORNEY
GENERAL OF THE STATE OF NEW YORK,

                    Respondents.
-----------------------------------------------------------------x

ROSLYNN R. MAUSKOPF, Chief United States District Judge:

Petitioner Vincent Macaluso is a state prisoner, incarcerated at the Sullivan Correctional

Facility.  Pending before this Court is a *pro se* Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254.  On April 7, 2020, Macaluso filed an "emergency petition for a writ of

extraordinary circumstance for relief."  (Doc. No. 33.)  Petitioner requests this court for an order

releasing him from state prison due to the COVID-19 pandemic, in light of a number of medical

conditions that he asserts places him at higher risk for contracting the virus.  Macaluso also

reiterates some of the claims in his pending § 2254, that he was denied the right to an impartial

jury and his claim of actual innocence.  (*Id.*)  For the reasons set forth below, Macaluso's petition

for emergency relief is denied.

This Court construes Macaluso's emergency application as a request for release or bail

pending a decision in his underlying habeas petition as federal habeas relief is only available for

challenges to the duration or legality of a prisoner's confinement.  *See Preiser v. Rodriguez*, 411

U.S. 475, 500 (1973).  While federal courts have the authority to grant bail to habeas petitioners,

that "power is a limited one, to be exercised in special cases only."  *Mapp v. Reno*, 241 F.3d 221,

226 (2d. Cir. 2001).  A habeas petitioner's bail request "must demonstrate that 'the habeas

petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the

grant of bail necessary to make the habeas remedy effective.'" *Grune v. Coughlin*, 913 F.2d 41,

44 (2d Cir. 1990) (quoting *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)).  "[C]ourts in this

district have reasoned that 'there must be a demonstrated likelihood that the petition will prevail,

based upon claims of a substantial nature upon which the petitioner has a high probability of

success, and demonstrating merits that are more than slightly in petitioner's favor, so that victory

for petitioner can be predicted with confidence.'" *Muja v. United States*, No. 10-CV-2770

(NGG), 2011 WL 1870290, at *1 (E.D.N.Y. May 16, 2011) (quoting *Beras v. United States*, No.

05-CV-2678 (SWK), 2007 U.S. Dist. LEXIS 5273, at *3, 2007 WL 195352 (S.D.N.Y. Jan. 24,

2007)).

Macaluso fails to meet this standard.  The court cannot say that Macaluso's habeas

petition raises substantial claims with a high probability of success.  *See Peterson v. Diaz*, No. 19-

CV-01480, 2020 WL 1640008 (E.D. Cal. Apr. 2, 2020).  As such, this is not one of those

extraordinary cases that counsels in favor of granting bail to a habeas petitioner.  *Cf. Clark v.*

*Hoffner*, No. 16-11959, 2020 WL 1703870, at *1 (E.D. Mich. Apr. 8, 2020) (granting emergency

COVID-19 to state habeas petitioner where court had already granted conditional writ of habeas

corpus but had yet to conduct an evidentiary hearing and prosecutor averred to recommend

granting the petition).

Moreover, New York prison and state officials are in the best position to evaluate which

prisoners sentenced in the state may be best subject to release under state laws and protocols.  *See,*

*e.g.*, Department of Corrections and Community Supervision COVID-19 Report, New Protocols,

Releases, *available at* doccs.ny.gov/doccs-covid-19-report; *see also* New York City Board of

Correction letter calling for the release of certain inmates, *available at*

https://www1.nyc.gov/assets/boc/downloads/pdf/News/covid-19/Letter-from-BOC-re-NYC-Jails-

and-COVID-19-2020-03-21.pdf.  The court recognizes the seriousness of the national pandemic,

particularly to inmates who present with a higher risk for contracting the virus.  Macaluso may be

one of those individuals.  However, the state prison system is in the best position to evaluate

Macaluso's medical condition and his risk of contracting the virus, and determine whether release

pursuant to available state prison laws or protocols is warranted.

<h3 style="text-align:center">CONCLUSION</h3>

For these reasons, Macaluso's emergency petition for release pending a decision in his §

2254 habeas petition is denied.  The Clerk of Court is respectfully directed to mail a copy of this

Order to Macaluso and to note that mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York
      April 17, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

3